BENJAMIN MILLS *vs.* WILMINGTON CITY RAILWAY COMPANY.

New Castle County, May Term, 1894.

**Negligence. Highway.**—Blasting rocks on or near a public highway is in itself dangerous work, and persons engaged therein must use care in proportion to the danger; and it must be such care as ordinarily prudent persons would use in like cases.

**Pleading. Variance. Highway.**—Where the declaration describes the place where the accident happened as a public road, and the proof is that it was a turnpike road or highway, the variance is not fatal.

**Physical Examination. Evidence.**—A person seeking to recover for personal injuries cannot be compelled to submit to an examination by physicians, nor to exhibit the injured part of his body to the jury.

**Highway.**—Persons lawfully on a highway have a right to its use without molestation or hindrance, with the limitation that such use is subject to reasonable interruption for purposes of construction or repair.

This was an action on the case brought by Benjamin Mills against the Wilmington City Railway Company, to recover damages for injuries to his right leg while traveling upon the public high-

way, alleged to have been caused by a rock hurled against it from blasting done by the defendant company on or near said public highway.

At the trial *Hilles*, for the plaintiff, asked that the plaintiff be permitted to exhibit the injured leg to the jury.

*Saulsbury*, for the defendant, objected, unless he be permitted to have a physician present. It was agreed by counsel that the plaintiff might be submitted to an examination by a physician during the recess, and all objection was withdrawn, and the plaintiff exhibited the injured leg. During the noon recess the plaintiff was examined by three physicians, selected by the counsel for the defendant. Afterwards, when one of these physicians was upon the stand, *Saulsbury*, for the defendant, asked the Court to compel the plaintiff to expose his leg before the jury for the purpose of explanation by the physician testifying, so that the latter might explain the injury to the jury; contending that as the leg had been exhibited, it was in evidence and properly subject to inspection and explanation. *Hilles*, for the plaintiff, objected.

PER CURIAM. We think that we have no power to compel the plaintiff to submit to an examination.

LORE, C. J., (charging the jury).

This is an action on the case, brought by Benjamin Mills, the plaintiff, against the Wilmington City Railway Company, the defendant, to recover damages for injuries to his right leg.

On the twenty-third or twenty-fourth day of September, 1892, the defendant company was engaged in blasting rocks in the bed of the Wilmington and Philadelphia turnpike road, a highway of this county, at or near Shellpot Creek. The plaintiff was on the highway, and was struck on the right leg by a piece of the rock which from blasting was hurled against his right leg near the knee, causing the injuries of which he complains.

The plaintiff claims that he was injured by the negligence of

the defendant; that the blasting was dangerous in itself and was done in a most frequented public highway; that no proper warning was given of the blast or care taken to prevent accident.

The defendant claims that it was lawfully engaged in blasting rock for the purpose of improving the road under the authority of its charter, and with the consent of the turnpike company; that it exercised all reasonable and proper care; that the accident was caused by the contributory negligence of the plaintiff.

It is for you to decide whether the plaintiff is liable in damages under the law as we shall now announce it in pursuance of the prayers presented in this case.

We have been asked by the defendant to charge you that the plaintiff cannot recover, because in his declaration he has described the road where the accident happened as a public road, while his proof is that it is a turnpike road or highway. We do not think that this is a fatal variance and cannot charge you as requested.

In determining this case you must assume that the defendant company was engaged in blasting lawfully and rightfully at the time and place named, as no proof has been offered to the contrary.

But assuming that they were there lawfully and properly the question still remains: Did the negligence of the company cause the injury complained of?

Persons lawfully on a highway have a right to its use without molestation or hindrance, with the limitation that such use is subject to reasonable interruption for purposes of construction and repair.

Blasting rocks on or near a public highway is in itself dangerous work, and persons engaged therein must use great care in conducting it, so that persons rightfully using the highway may not be injured. The care in each case is proportioned to the danger, and must be such as an ordinarily prudent person would use in like cases. It was the duty of this company to take every reasonable and proper precaution, and to see that all travellers on that highway within the danger line were duly warned and removed

from danger before firing the blast. If it failed to do so and the plaintiff was injured because of that failure, the company was guilty of negligence and the plaintiff is entitled to recover.

If, however, the plaintiff was properly warned, and disregarded the same, or was in a place of safety, and from motives of curiosity or otherwise voluntarily put himself in a position of danger, whereby the injury occurred, he was guilty of contributory negligence and cannot recover.

This question of negligence, is a fact for your determination from all the evidence in this case. It is your province to say whether negligence existed at all, and if so, on whose part, and whether such negligence was the cause of the injury. The company can only be held liable for such negligence as constituted the proximate cause of the injury.

In considering this evidence, other things being equal, positive evidence is of greater value than negative, and is more entitled to your consideration. Wherever the evidence is conflicting, you must reconcile it if you can, if you cannot, then you should give credit to those witnesses, whom you believe the best informed, most impartial, truthful and reliable in all regards. You may believe or disbelieve witnesses as your best judgment may approve.

The plaintiff's right to recover depends upon proof of the negligence of the defendant company. The burden of proof is on the plaintiff. To entitle him to a verdict you must be satisfied of such negligence by a preponderance of proof. Unless you are so satisfied, your verdict should be for the defendant.

If you find for the plaintiff, you verdict should be for such a sum of money, as in your judgment, would be a reasonable compensation for the pain and suffering, loss of earnings, and permanent injury sustained by him according to the proof made in the case.

*Verdict for the plaintiff for $250.*